Below is an order of the court.

**Ordering Clauses are located on Page 7.**

_TRISH M. BROWN_
TRISH M. BROWN
U.S. Bankruptcy Judge

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Bankruptcy Case No. 18-33445-tmb13 |
| SEAN McLEAN MASSEY, | MEMORANDUM OPINION AND ORDER |
| Debtor. | |

This matter came before the court on a Notice of Intent to Compensate Counsel for Chapter 13 Trustee (the "Compensation Notice," ECF No. 60) and a Motion for Allowance of Substantial Contribution Claim (the "Substantial Contribution Motion," ECF No. 68), both filed by David W. Criswell on behalf of Lane Powell, PC. Debtor lodged objections to the Compensation Notice and the Substantial Contribution Motion. *See* ECF Nos. 61, 71, and 72. The court held a preliminary hearing on the Compensation Notice on June 24, 2020. at which Christopher N. Coyle appeared on behalf of the Debtor. Wayne Godare, trustee, and David Criswell were also present at the June hearing. The same individuals attended an evidentiary hearing on the Compensation Notice and the Substantial Contribution Motion on August 25, 2020, along with Douglas R. Ricks (for the Debtor) and Brad T. Summers (for Lane Powell).

Page 1 – OPINION AND ORDER

<u>Factual and Procedural Background</u>

Debtor filed a voluntary chapter 7 petition on October 3, 2018.  Debtor's schedule A/B lists an equitable interest in the 1983 Massey Family Trust dated 2/16/1983 (the "<u>Family Trust</u>") with a value of "Unknown."  ECF No. 11 at 9.  On February 22, 2019, the court entered an order approving the employment of Mr. Criswell as counsel to chapter 7 trustee Kenneth S. Eiler, for the purpose of "realizing upon the Debtor's interest in the [Family Trust]."  ECF No. 18.  In July of 2019, Debtor successfully moved to convert the case to a case under chapter 13 of the Bankruptcy Code.  Wayne Godare, the standing chapter 13 trustee, filed an application to employ Mr. Criswell and Lane Powell on behalf of the chapter 13 estate "to pursue the Debtor's interest in the [Family Trust]."  Employment Application and Order, ECF No. 41.

Debtor confirmed a chapter 13 plan on March 19, 2020.  *See* ECF Nos. 53 (plan) and 58 (order confirming plan).  Mr. Criswell filed the Compensation Notice on May 13.  On May 29, Debtor filed an objection to the proposed compensation, raising the following six arguments: (1) the court is prohibited from awarding compensation to a professional employed by a chapter 13 trustee, (2) Mr. Criswell's work was duplicative of the work of the chapter 13 trustee, (3) Mr. Criswell seeks compensation for work outside the scope of the employment order, (4) Mr. Criswell was performing the statutorily-prescribed duties of the trustee, (5) Mr. Criswell seeks compensation for work that is beyond the powers of a chapter 13 trustee, and (6) Mr. Criswell's hourly rate is excessive.  Objection (ECF No. 61) at 1.

At the June preliminary hearing, I overruled the Debtor's first and sixth bases for objection (relating to the ability of a chapter 13 trustee to employ a professional and Mr. Criswell's hourly rate) under the doctrine of forfeiture: Debtor had not made a timely objection to the employment application (which clearly stated that the trustee would hire Mr. Criswell at a rate of $525 per hour) and therefore forfeited those arguments.  *See* ECF No. 65 (record of proceeding).  At the August evidentiary hearing, the court received evidence concerning Debtor's remaining objections, and I write today to announce my findings of fact and conclusions of law.

<u>Jurisdiction</u>

I have jurisdiction to decide the present controversies pursuant to 28 U.S.C. § 1334 and 157(b)(2)(A) and (B).

<u>Discussion</u>

As noted previously, of Debtor's six bases for objection, four remained pending at the time of the evidentiary hearing. I will address each issue in turn.

<u>Duplication of work</u>. Debtor argues that Mr. Criswell seeks compensation for work that "duplicat[es] the work of the Chapter 13 Trustee and his staff attorney." Objection at 1. I find that this argument lacks merit. The evidence shows that Mr. Criswell was not hired to perform duplicative work, nor did he in fact do so. Rather, as the employment application makes clear, Mr. Criswell was employed for a specific purpose: to address specialized legal issues that were not within the expertise of the trustee or the trustee's staff. Quite simply, Mr. Criswell's work did not duplicate that of the trustee, because the trustee lacked the specialized skillset needed to address the legal issues arising from Debtor's interest in the Family Trust. And, while it is not strictly relevant for purposes of deciding this controversy, it is worth noting that Mr. Criswell's work produced a tangible and substantial benefit for unsecured creditors—Debtor's original plan proposed a best-interest number of $18,880. ECF No. 30 at ¶ 4(h) The final confirmed plan increased this figure to $100,000. ECF No. 53 at ¶ 4(h). Based on the testimony received, I find that the increased best-interest number in the confirmed plan (which redounds to the benefit of unsecured creditors) resulted primarily from the work performed by Mr. Criswell.

<u>Scope of work</u>. Debtor further argues that most of the work performed by Mr. Criswell was outside the scope of the work authorized by the employment order. The employment order describes the scope of employment as follows:

> Debtor lists a "1983 Massey Family Trust dated 2/16/1983" with a value of "unknown" on line 25 of Official Form106A/B (Doc. #31). Trustee has reason to believe that this Trust has value that could be beneficial to the estate. Trustee requires the assistance of Mr. Criswell to pursue the Debtor's interest in the 1983 Massey Family Trust pursuant to 11 U.S.C. § 544(a), Cal. Prob. Code § 15306.5, Cal. Prob. Code § 15301(b), *Carmack v. Reynolds*, 391 P.3d 625,628 (Cal. 2017), and applicable law, and to institute an adversary proceeding to the extent necessary.

Empl. App. & Order ¶ 3(a). Focusing exclusively on the references to § 544(a) and an adversary proceeding, Debtor argues that under § 1302(b) of the Bankruptcy Code the chapter 13 trustee was not authorized to compel the sale or turnover of property of the estate. Debtor has merely shown is that the employment application could have been drafted with greater precision. Debtor ignores the natural reading of the application, which states that Mr. Criswell was employed to pursue the value of Debtor's interest in the Family Trust for the benefit of creditors under "applicable law." Applicable law includes the Bankruptcy Code. The evidence shows that Mr. Criswell used his training and expertise to advocate on behalf of the trustee, ultimately ensuring that the value of Debtor's interest in the Family Trust was included when calculating the minimum amount that Debtor must pay to his creditors. This is precisely the point of Mr. Criswell's employment, and nothing in the record indicates that any of his work strayed outside the scope of this authorization.

Statutory duties of trustee. Debtor argues that Mr. Criswell is seeking compensation for "services which are the statutorily-prescribed duties of the trustee." Objection at 1. It is well established that a professional employed by a bankruptcy estate may not assume the duties of the trustee. 3 Richard Levin & Henry J. Sommer, *Collier on Bankruptcy* ¶ 327.02[2] (16th ed. rev. 2020). Debtor latches onto this concept and seeks to expand it far beyond its actual meaning. Debtor argues that Mr. Criswell's services were primarily relevant to plan confirmation, and for that reason alone, his work usurps the "duties of the trustee" and cannot be compensated under § 330. This argument lacks merit. The Bankruptcy Code allows a trustee to hire a professional "to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Thus, by definition, *all* properly hired professionals will be performing work that assists the trustee in discharging his or her duties (indeed, to hire a professional for any other purpose would likely constitute a breach of the trustee's fiduciary duties). But assisting the trustee and assuming the trustee's duties are two different concepts.

In reality, the prohibition on assuming the duties of the trustee is focused on administrative, non-professional tasks. *See In re Computer Learning Ctrs*, 272 B.R. 897, 904 (Bankr. E.D. Va. 2001) (disallowing employment application because trustee "seeks to retain

counsel to perform the trustee's administrative duties"). Here, the evidence shows that with one minor exception (*see infra*, discussion of fees for preparing fee itemization), Mr. Criswell's work was far from administrative: his work focused on substantive legal issues under California trust law—the type of work that is properly done by a § 327 professional.

At oral argument, Debtor's counsel focused on the impropriety of a chapter 13 trustee employing in-house staff while also hiring outside professionals to perform the same duties. While I share counsel's concern, the scenario he described bears little resemblance to the facts of this case. As an example (this hypothetical is mine, not Debtor's), chapter 13 plans in this District routinely contain a provision requiring the Debtor to sell their residence by a date certain. These sales must be approved by the trustee, a process which involves reviewing transactional documents in advance of closing. This document review is currently performed by the trustee's staff, whose compensation paid from the statutory fee set by the United States Trustee. It would be inappropriate for the chapter 13 trustee to employ outside "real estate counsel" under § 327 for the purpose of reviewing these routine transactional documents—and this is really the type of scenario that Debtor's counsel focused on during oral argument. But this kind of end-run is patently distinguishable from the facts here. In the simplest terms, there was nothing routine about the issues that Mr. Criswell was employed to work on.

While I am unable to articulate an absolute, bright-line rule differentiating the trustee's administrative duties from the professional duties that may be performed by an outside professional, I am confident of two things. First, Mr. Criswell's employment did not consist of performing the trustee's administrative duties. Second, Debtor's proposed *per se* prohibition on chapter 13 trustees hiring outside counsel to work on matters relevant to confirmation would prevent the trustee from effectively representing creditors in unusual and complicated cases such as this one. If a trustee proposes to hire a professional to perform tasks that arguably include the administrative duties of the trustee, then interested parties should promptly object. Debtor failed to do so here, and his belated arguments about the trustee's statutory duties are unpersuasive.

<u>Work beyond the scope of the trustee's duties</u>. Debtor's final argument is that certain of Mr. Criswell's time entries are for "services which are beyond the powers of a chapter 13

Case 18-33445-tmb13    Doc 87    Filed 09/01/20

trustee." This argument is premised on the fact that a chapter 13 trustee generally cannot compel the sale or liquidation of property of the bankruptcy estate. Debtor then points to Mr. Criswell's work communicating with potential purchasers of the Debtor's interest in the Family Trust and argues that such work exceeded the scope of the trustee's duties.

The testimony at the August hearing firmly established that Mr. Criswell's discussions with potential purchasers were focused on ascertaining the amount that a bona fide purchaser would be willing to pay for the Family Trust interest. The value of the Family Trust interest was indisputably relevant to plan confirmation. Given the unusual nature of this particular asset, an offer from a purchaser is one of the few types of evidence probative of value. Accordingly, Mr. Criswell's communications with purchasers is properly considered work to pursue the value of Debtor's interest in the trust, which was the very nature of Mr. Criswell's authorized employment.

Other matters. As with all fee itemizations, I have reviewed the specific time entries on Mr. Criswell's proof of claim. I do agree with Debtor that it was inappropriate for Mr. Criswell to bill $300 for preparing his fee itemization for filing. *See* Objection ¶ 12. Although not directly applicable to a professional working for a chapter 13 trustee, I find Local Bankruptcy Rule 2016-1(e)(2) to be instructive. That rule establishes $100 as the presumptively reasonable compensation for preparation of a fee itemization. Applying that presumption here, I will reduce the amount of Mr. Criswell's fees by $200.

Substantial Contribution Motion. Because I will grant almost all of the compensation requested in the Compensation Notice, Mr. Criswell's Substantial Contribution Motion is largely moot. The one item requested in the Substantial Contribution Motion that is not covered in the Compensation Notice is Mr. Criswell's request the he be awarded his fees incurred in litigating the Debtor's objection to the Compensation Notice. I conclude that this request is barred under *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121 (2015), and therefore deny that aspect of the motion.

\\\

\\\

<u>Order</u>

Based on the foregoing opinion, it is hereby ORDERED as follows:

1.      The fees sought in the Compensation Notice are allowed in the amount of $12,063 and expenses are allowed in the amount of $5.50, and Lane Powell is entitled to compensation in the total sum of $12,068.50.

2.      Except as expressly specified above, Debtor's objections to the Compensation Notice are overruled.

3.      The Substantial Contribution Motion is denied.

### 

cc:     Christopher N. Coyle
        David W. Criswell
        Wayne Godare